JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 24-1013-KK-DTBx | Date: | June 18, 2024 |
| Title: | *Jordan Orozco Madero, et al. v. McLane Foodservice, Inc.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(In Chambers) Order GRANTING Plaintiffs' Motion to Remand [Dkt. 9] and DENYING Defendant's Motion to Dismiss [Dkt. 13]**

## I.
## INTRODUCTION

On January 12, 2024, plaintiffs Jordan Orozco Madero and Esteban Orosco ("Plaintiffs") filed a Class Action Complaint against their former employer, defendant McLane Foodservice, Inc. ("Defendant"), alleging violations of the Fair Labor Standards Act ("FLSA"), California Labor Code, and California Business and Professions Code in Madero, et al. v. McLane Foodservice, Inc., 5:24-0073-KK-DTB ("Madero I").  Madero I, ECF Docket No. ("Dkt.") 1.

On March 15, 2024, Plaintiffs commenced the instant action by filing a Representative Action Complaint ("Complaint") in Orange County Superior Court against Defendant, alleging wage and hour violations under the Private Attorneys General Act of 2004, California Labor Code § 2699 et seq. ("PAGA").  Dkt. 1 at 21-27, Ex. A.  On May 8, 2024, Defendant removed the instant action to this Court.  Id. at 1-20.  On May 10, 2024, Plaintiffs filed a Motion to Remand.  Dkt. 9.  On May 15, 2024, Defendant filed a Motion to Dismiss.  Dkt. 13.

The Court finds these matters appropriate for resolution without oral argument.  See FED. R. CIV. P. 78(b); L.R. 7-15.  For the reasons set forth below, Plaintiffs' Motion to Remand is **GRANTED** and Defendant's Motion to Dismiss is **DENIED as MOOT**.

# II.
# PROCEDURAL HISTORY

A. **MADERO I**

On January 12, 2024, Plaintiffs filed the Class Action Complaint in Madero I. Madero I, dkt. 1.

On February 9, 2024, Defendant filed a Motion to Dismiss the Complaint in Madero I. Madero I, dkt. 11. On March 13, 2024, the Court issued an Order granting in part and denying in part Defendant's Motion to Dismiss. Madero I, dkt. 23.

On March 14, 2024, Plaintiffs filed a FAC raising the following causes of action:

1. **Cause of Action One:** Failure to pay overtime wages in violation of 29 U.S.C. § 207;
2. **Cause of Action Two:** Failure to pay minimum wage in violation of Sections 1194, 1194.2, 1197, and 1197.1 of the California Labor Code and Wage Order 9;
3. **Cause of Action Three:** Failure to provide itemized pay statements and time/pay records in violation of Sections 226 and 226.3 of the California Labor Code and Wage Order 9;
4. **Cause of Action Four:** Failure to indemnify for all necessary expenditures in violation of Section 2802 of the California Labor Code; and
5. **Cause of Action Five:** Unfair Competition in violation of Section 17200 of the California Business and Professions Code.

Madero I, dkt. 24.

On March 27, 2024, Defendant filed a Motion to Dismiss the FAC and a request for partial reconsideration of the Court's March 13, 2024 Order dismissing the Complaint. Madero I, dkt. 28.

On May 10, 2024, Defendant filed a Notice of Related Cases between Madero I and the instant matter.[1] Madero I, dkt. 35.

On May 20, 2024, the Court denied Defendant's Motion to Dismiss and request for partial reconsideration. Madero I, dkt. 40.

On June 3, 2024, Defendant filed an Answer to the FAC. Madero I, dkt. 46.

///

---

[1] Defendant asserted "the named plaintiffs and named defendant in [Madero I] and [the instant action] are *identical*"; "the putative class in [Madero I] overlaps with the putative aggrieved employees that Plaintiffs seek to represent in the [instant action]"; "the putative class action claims in [Madero I] overlap with the putative representative action claims being asserted in the [instant action"; and the instant action "arises from the exact same or closely related events or conduct as those alleged in this action and calls for determination of the exact same or substantially related or similar questions of law and fact." Id. at 4-5.

B.  INSTANT ACTION

On March 15, 2024, Plaintiffs filed the instant action in Orange County Superior Court against Defendant raising a single cause of action for violations of PAGA on behalf of a putative group of "aggrieved employees" based on the following alleged California Labor Code violations: (1) failure to pay minimum wages in violation of Cal. Lab. Code §§ 221, 223, 1194, 1197, 1197.1 and the California Industrial Welfare Commission's ("IWC") Wage Order 9-2001; (2) failure to provide accurate itemized wage statements in violation of Cal. Lab. Code §§ 226, 226.2, 226.3 and IWC Wage Order 9-2001; and (3) failure to reimburse employees for the business use of their personal cell phones in violation of Cal. Lab. Code § 2802.  Dkt. 1, Ex. A.  The alleged California Labor Code violations are the same violations alleged in Causes of Action Two, Three, and Four in Madero I.  See Madero I, dkt. 24.  As a result of these alleged violations, Plaintiffs seek penalties under PAGA for Plaintiffs and all other aggrieved employees.  Dkt. 1 at 27.

On May 8, 2024, Defendant removed the instant action to this Court.  Dkt. 1.

On May 10, 2024, Plaintiffs filed a Motion to Remand the instant action arguing (1) complete diversity does not exist because in a PAGA action, the State of California is the real party in interest, and therefore, not a citizen; (2) Defendant fails to satisfy the amount in controversy requirement because Defendant improperly aggregated PAGA penalties; and (3) the concurrently filed lawsuit in Madero I does not establish grounds for removal.  Dkt. 9 at 8-12.  Plaintiffs additionally argue they are entitled to attorneys' fees because "there was no objectively reasonable basis for [] removal."  Id. at 12.

On May 14, 2024, the instant action was transferred to this Court.[2]  Dkt. 11.

On May 15, 2024, Defendant filed a Motion to Dismiss the instant action arguing the claim for PAGA penalties based on Defendant's alleged failure to pay minimum wages, failure to provide accurate wage statements, and failure to reimburse business expenses fails to set forth sufficient facts to comply with the pleading requirements of Federal Rule Civil Procedure 8.[3]  Dkt. 13 at 5-6.

On May 17, 2024, Defendant filed an Opposition to the Motion to Remand.  Dkt. 14.

On May 23, 2024, Plaintiffs filed a Reply to Defendant's Motion to Remand.  Dkt. 17.  This matter, thus, stands submitted.

///

---

[2] Plaintiffs appear to have mistakenly filed identical versions of the instant Motion to Remand and Reply brief in Madero I.  Madero I, dkts. 37, 41.  In light of Plaintiffs' apparent mistake the Court will issue a separate order in Madero I addressing Plaintiffs' incorrectly filed Motion to Remand.  Accordingly, Defendant's Objections and Request to Strike are **OVERRULED and DENIED as MOOT**.  Dkt. 15.

[3] Defendant's Motion to Dismiss is set for a hearing on July 25, 2024.  Dkt. 13.  Accordingly, Plaintiffs' Opposition is not due until July 4, 2024.  L.R. 7-9.

III.
DISCUSSION

A.   PLAINTIFFS FAILED TO MEET AND CONFER

Under Local Rule 7-3, unless exempted, "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  This conference "must take place at least 7 days prior to the filing of the motion."  L.R. 7-3.  "The Court may decline to consider a motion unless it meets" the meet and confer requirement under Local Rule 7-3.  L.R. 7-4.

Here, Plaintiffs failed to meet and confer seven days before filing the instant Motion to Remand.  See dkt. 17 at 5-6.  On May 9, 2024, Plaintiffs informed Defendant they intended to file the instant Motion.  Dkt. 14 at 10; dkt. 14 at 24-25, Declaration of Sylvia J. Kim ("Kim Decl."), ¶ 3, Ex. B.  The next day, May 10, 2024, Plaintiffs filed the instant Motion without allowing Defendant an opportunity to respond or confer on the issue of remand.  Dkt. 9.  Plaintiffs did not comply with the requirements of Local Rule 7-3 because they state they were "effectively forced into a corner" in light of Defendant's "threat" to file a motion to dismiss.  Dkt. 17 at 6.  However, this claim is meritless and does not excuse their failure to comply with the Local Rules.  Plaintiffs are explicitly warned that any future failure to comply with Local Rule 7-3 will result in denial of Plaintiffs' motions without prejudice.  See L.R. 7-4.

B.   THE COURT LACKS SUBJECT MATTER JURISDICTION

   1.   Applicable Law

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties, and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

For PAGA claims, California courts have determined the State "is always the real party in interest in the suit."  Viking River Cruises, Inc. v. Moriana, 596 U.S. 639, 645, reh'g denied, 143 S. Ct. 60 (2022) (quoting Iskanian v. CLS Transportation Los Angeles, LLC, 59 Cal. 4th 348, 382 (2014)).  When considering diversity jurisdiction, the state cannot be a "citizen of itself."  Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc., 642 F.3d 728, 737 (9th Cir. 2011) (internal quotation marks omitted) ("For the purposes of diversity jurisdiction, a State is not a citizen of itself.").

   2.   Analysis

Here, this Court lacks subject matter jurisdiction because complete diversity does not exist.  For PAGA claims, as the Ninth Circuit recognized in Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118 (9th Cir. 2013), "[t]he state, as the real party in interest, is not a 'citizen' for diversity

purposes." Urbino, 726 F.3d at 1123.  Similarly, in a more recent case, Canela v. Costco Wholesale Corp., 971 F.3d 845 (9th Cir. 2020), the Ninth Circuit again expressed doubt that the State of California, as the real party in interest, could satisfy the complete diversity requirement.  Canela, 971 F.3d at 849 n.1 ("We were also unpersuaded that the PAGA action could satisfy the complete diversity element because the State of California was the real party in interest and was not a citizen.").

Relying on these observations in Urbino and Canela, district courts have found, in actions that raise only PAGA claims, the presence of the State of California, as the real party in interest, defeats diversity jurisdiction regardless of the citizenship of the named plaintiffs and defendants.  See, e.g., Garcia v. Old Dominion Freight Line Inc., No. EDCV-14-1023-DSF-RZx, 2014 WL 12597637, at *1 (C.D. Cal. Aug. 20, 2014) ("[T]he State of California is also a real party in interest and the presence of the State as a real party in interest defeats diversity regardless of the citizenship of the other parties."); Alvarez v. AutoZone, Inc., No. EDCV-14-2471-FMO-SPx, 2022 WL 1404245, at *3 (C.D. Cal. May 3, 2022) ("In light of Canela, the court is unpersuaded by defendant's contentions that a plaintiff who asserts only PAGA claims can satisfy the complete diversity requirement set forth in 28 U.S.C. § 1332(a)."); see also Alvarez v. AutoZone, Inc., No. EDCV-14-02471-VAP-SPx, 2015 WL 13122313, at *6 n.4 (C.D. Cal. Apr. 13, 2015) ("As PAGA claims belong to the state, rather than to an individual plaintiff, a complaint pleading solely PAGA claims would likely fall outside the Court's diversity jurisdiction; after all, a state is not a citizen of itself.").

The Court acknowledges the holdings in both Urbino and Canela addressed whether PAGA penalties could be consolidated in calculating the amount in controversy, not the issue of diversity of citizenship.  Urbino, 726 F.3d at 1120 (holding individual claims of PAGA penalties "cannot be aggregated to meet the amount in controversy requirement"); Canela, 971 F.3d at 849 (same).  As a result, there are district courts that have found complete diversity can exist in actions that raise only PAGA claims.  See, e.g., Hesselink v. Am. Fam. Life Assurance Co. of Columbus, No. SACV-20-2051-CJC-DFMx, 2020 WL 7768711, at *2 (C.D. Cal. Dec. 30, 2020) ("District courts in the Ninth Circuit have considered the named plaintiff's citizenship, and not the state's, to be determinative of diversity jurisdiction in PAGA cases.") (internal quotation marks omitted).  However, these cases simply raise doubt over the existence of complete diversity, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus, 980 F.2d at 566.

Accordingly, in light of this doubt over the existence of complete diversity, the Court finds it does not have original jurisdiction over this PAGA action and, thus, remand is required.[4]

### C.  PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES IS DENIED

"Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  However, "when an objectively reasonable basis exists, fees should be denied."  Id.

---

[4] Because complete diversity does not exist, the Court declines to address the amount in controversy and Defendant's arguments regarding claim-splitting.  Dkt. 14 at 18-22.

Here, contrary to Plaintiffs' claim that Defendant's "removal was unreasonable and completely unsupported by" case law, dkt. 17 at 11, a review of the case law shows this is not the case.  Accordingly, Plaintiffs' request for attorneys' fees is **DENIED**.

## IV.
## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand is **GRANTED**, and this action shall be remanded to state court.  In light of this Order, Defendant's pending Motion to Dismiss is **DENIED as MOOT**.  (JS-6)

**IT IS SO ORDERED.**